RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/12
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD DUNCAN,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:12-cv-00034 |
| VERSUS | |
| MARINA MADINA, WARDEN,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Donald Duncan ("Duncan") on January 11, 2012. Duncan is contesting a prison disciplinary conviction, which resulted in a loss of good time credit, by the Bureau of Prisons ("BOP") at the CI NE Ohio Correctional Center in Youngstown, Ohio. Duncan is presently confined in the Federal Correctional Institution in Pollock, Louisiana ("FCI-Pollock"). Duncan raises the following issues for review:

    1. Whether the BOP abused its discretion in the denial of petitioner's administrative remedy and its own policy?

    2. Whether the Bureau of Prisons violated the procedures set forth in the Administrative Procedure Act?

Duncan alleges exhaustion of his administrative remedies.

### Law and Analysis

#### Ground 1 - Administrative Appeal

Duncan alleges that his original administrative appeal was rejected in error as untimely.

The incident took place on January 21, 2011 and Duncan's disciplinary hearing took place on February 28, 2011 (Doc. 1, p. 3/26). Duncan filed his appeal on a BP-10 form signed on June 23, 2011 (Doc. 1, pp. 11-12/26). On June 27, 2011, Duncan's DHO appeal was received in the BOP's south central regional office (Doc. 1, p. 7/26). The regional office requested and was granted additional time in which to respond, until August 26, 2011 (Doc. 1, p. 8/26). A response was signed on August 26, 2011, rejecting Duncan's appeal on the merits (Doc. 1, pp. 13-14/26). A notation was made that Duncan received the regional office response on September 1, 2011 at FCI-Pollock (Doc. 1, p. 15/26).

Duncan's BP-11 form was signed on August 29, 2011 and had a cover letter to the Central Office dated September 2, 2011 (Doc. 1, pp. 16-12-26). The Central Office rejected Duncan's appeal on September 30, 2011 because he had submitted his request at the "wrong level." On October 28, 2011, Duncan's appeal to the Central Office was rejected because it was untimely (Doc. 1, p. 23/26); Duncan was outside of the time limit of 30 days from the date of the Regional Office response. On November 12, 2011, Duncan made a third attempt to submit his appeal to the General Counsel (Doc. 1, p. 24/26). On December 5, 2011, the Central Office again rejected Duncan's appeal as untimely (Doc. 1, p. 26/26).

Clearly, Duncan has exhausted his administrative remedies in this case. Although it appears the Central Office erred in

rejecting Duncan's first appeal as filed at the "wrong level, then finding Duncan's second and third appeals were untimely, Duncan does not have a constitutional right to an administrative appeal. Moreover, Duncan has not been denied access to this court on this matter so he cannot show prejudice resulting from the Central Office's error.

Therefore, this ground for relief is meritless.

Ground 2 - Disciplinary Proceeding

Duncan contends he was issued an incident report on January 21, 2011 for "engaging or participating in a group demonstration." Duncan was alleged to be one of six inmates in his cell block who instigated a group refusal to obey direct orders to go to chow. Duncan contends the BOP violated its policies and procedure in the ensuing disciplinary proceedings by allowing a staff member who reported or was involved in the incident to investigate the incident, in violation of Duncan's right to due process. Duncan alleges in his petition that Corrections Counselor Fox allegedly witnessed Duncan encouraging a group demonstration. Duncan further alleges that Officer Robert Macklin investigated the incident and signed the incident report, dated February 7, 2011, stating that Corrections Counselor Fox had witnessed Duncan encouraging a group demonstration. Duncan contends he was convicted of the disciplinary violation and sentenced to a loss of 27 days good time.

3

A prisoner's challenge to a disciplinary action may fall within the scope of § 2241. <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001). Relief is not available, however, unless the petitioner shows that prison authorities deprived him of some right secured by the Constitution or laws of the United States. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633-34, 113 S.Ct. 1710 (1993); <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995), cert. den., 516 U.S. 1059, 116 S.Ct. 736 (1996). Federal prisoners have a liberty interest in their accumulated good time credit. When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. See <u>Henson v. U.S. Bureau of Prisons</u>, 213 F.3d 897, 898 (5th Cir. 2000); <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 569-70, 92 S.Ct. 2701 (1972). Those minimal procedural requirements are (a) written notice, (b) disclosure of the evidence against the prisoner, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses, (e) a neutral and detached hearing officer or board, and (f) a written statement by the fact finders as to the evidence relied on and reasons for the decision. <u>Wolff v. McConnell</u>, 418 U.S. 539, 558-559, 94 S.Ct. 2963 (1974).

In this case, Duncan alleges that Officer Macklin should not have signed the incident report because he was also the investigating officer, and that he violated BOP regulations when he

did so. However, Officer Macklin obviously did not impinge on the minimal due process protections owed to Duncan. Failure by prison officials to comply with their own regulations does not state a constitutional claim cognizable on habeas review. <u>Arceneaux v. Young</u>, 369 Fed.Appx. 620 (5th Cir. 2010), citing <u>Jackson v. Cain</u>, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Therefore, Duncan's complaint about the fact that Officer Macklin filled out the incident report and also investigated does not state a constitutional claim cognizable in habeas.[1]

Since Duncan has not stated a constitutional claim, this ground for habeas relief is also meritless.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Duncan's Section 2241 habeas petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and

---

[1] In any event, it is clear that Officer Macklin was not personally involved in the incident. The report reflects that Counselor Fox stated that inmates in unit B-07 asked to speak to her concerning another correctional officer, several inmates took turns complaining to both Counselor Fox and Officer Frail about the other officer, and when unit B-7 was called to the chow hall, several inmates said aloud to the other inmates that they would refuse to go to chow. According to Counselor Fox, Duncan was one of the six inmates who was a primary spokesman and initiator of the inmates' refusal of the order to go to chow. It is noted that the Disciplinary Hearing Officer based his decision on the report by Officer Macklin, statements by Counselor Fox, Officer Frail, and two other correctional officers who were present at the incident, and the video of the B-7 day room where the incident took place (Doc. 1, p. 5).

Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of March 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE